Filed 2/4/22  Hoang v. Tcheng CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HONG HOANG,<br><br>    Appellant,<br><br>    v.<br><br>ROBERT TCHENG,<br><br>    Respondent. | G059902<br><br>(Super. Ct. No. 17D004021)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael E. Perez, Judge.  Affirmed.

The Appellate Law Firm and Berangere Allen-Blaine for Appellant.

Law Office of Thomas Frisardi and Thomas Frisardi for Respondent.

\*          \*          \*

Appellant Hong Hoang (Mother) appeals from a judgment entered in her marital dissolution case granting child custody rights to respondent Robert Tcheng (Father) and ordering Mother to make equalization payments to Father for community property. Mother contends the trial court's decisions were influenced by an erroneous understanding of applicable law and preestablished bias. We affirm.

I

FACTUAL AND PROCEDURAL HISTORY

Mother and Father were married and had two children who were not yet one and two years old when Mother and Father separated in 2016. That year, Mother began teaching at a university in San Luis Obispo, commuting from her home in Orange County twice a week; the commute took three-and-a-half hours, sometimes up to six or seven hours, one way.

During the separation period, Father spent time with Mother and the children together. In 2017, however, Mother petitioned for dissolution and moved to San Luis Obispo to pursue additional teaching opportunities. Later that year, the trial court entered temporary orders for joint legal and physical custody of the children. The orders required the children to be with Father in Los Angeles County three days a week, with exchanges to occur in Santa Barbara County, a midway point between the parents' residences. In 2018, Mother and Father stipulated to modify the temporary order in ways immaterial to this appeal.

In 2019, both Mother and Father filed competing motions for sole physical custody of the children. Mother's motion included a request for an order authorizing the children to be enrolled "in the San Luis Obispo school district" and Father's included a request for "authority to enroll" the children "in a school near his home" in Los Angeles County.

After unsuccessful mediation proceedings, the trial court conducted four days of trial between July and November 2019. The trial record includes evidence

2

showing that in April 2018, after Mother failed to return the children to Father for his custodial time, she and the children were involved in a rollover car accident that resulted in ambulance transportation and emergency medical care.[1]  During her trial testimony, Mother confirmed she returned the children to Father nine days later.  The record includes written communications showing Mother claimed to Father their oldest child, who had sustained a laceration to the arm in the accident, had been injured by falling off a bicycle.  At trial, Mother explained she did not tell Father about the vehicle accident because she knew the healthcare provider would provide necessary information to Father.  Father testified he did not learn the details about what happened to his children until he received their medical records for the accident four months later.  Father testified Mother had not shared information about the accident despite his repeated attempts to communicate with Mother.

Father also presented evidence Mother did not allow him to be with his children during Father's Day, Thanksgiving, and one of the children's birthdays even though the days had occurred during his custodial time.  Father also testified that Mother did not comply with court orders to allow Father to have visitation calls with the children.  Mother admitted at trial to violating on several occasions the court's temporary order for shared custody of the children.

At the conclusion of the fourth day of trial in November 2019, the trial court entered a minute order denying "[Mother]'s Request for Order as her request to relocate to San Luis Obispo."  The minute order also found "it [wa]s in the best interest of the minor children" for the court to "order[] joint legal custody of the minor children, with primary physical custody awarded to" Father.

---

[1]  Given Mother does not challenge the sufficiency of the evidence supporting the judgment, our discussion of trial court evidence is limited and reflects our duty to view the evidence in a light most favorable to the respondent.  (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614.)

Ten months later, in September 2020, the trial court conducted one additional trial day during which the parties offered evidence on community property division issues and one other issue not relevant to this appeal. In its minute order for that proceeding, the trial court "adopt[ed] as final orders the custody and parenting time orders made by the court" in November 2019. The minute order also set out the court's decision on three equalization payments for items of community property—two vehicles and one tax return refund amount.

Three months later, in December 2020, the trial court rendered its judgment of dissolution. The judgment granted legal custody of the children jointly to Mother and Father and physical custody to Father, and ordered Mother to make equalizing payments to Father for community property.

II

DISCUSSION

Mother has timely appealed from the trial court's judgment. She "does not contend that the court failed to make a required factual finding," nor does she assert there was insufficient evidence to support the judgment. Instead, Mother contends the court's comments on the record show that: (1) the court "relied on incorrect legal reasoning in making its findings" on physical child custody; and (2) the judgment should be reversed on its division of community property because the court's comments "reveal[] that [the court] had a predetermined bias against any evidence [Mother] presented."

A. *Standard of Review for Child Custody Determinations and Relevant Appellate Principles*

"The standard of appellate review of custody and visitation orders is the deferential abuse of discretion test. [Citation.] The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the 'best interest' of the child. We are required to uphold the ruling if it is correct on any basis, regardless of whether such basis was actually invoked. [Citation.]" (*In re Marriage of*

4

*Burgess* (1996) 13 Cal.4th 25, 32 (*Burgess*); Fam. Code, § 7501, subd. (b) ["It is the intent of the Legislature to affirm the decision in [*Burgess*] and to declare that ruling to be the public policy and law of this state"]; see *Sanchez v. Sanchez* (1961) 55 Cal.2d 118, 126 [appellate court does not reweigh conflicting evidence and redetermine findings].)

We apply "three fundamental principles of appellate review:  (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error."  (*Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 58 (*Fladeboe*).)

Mother failed to request a statement of decision from the trial court. "'A party's failure to request a statement of decision when one is available has two consequences.  First, the party waives any objection to the trial court's failure to make all findings necessary to support its decision.  Second, the appellate court applies the doctrine of implied findings and presumes the trial court made all necessary findings supported by substantial evidence.'"  (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 996.)

B.  *The Trial Court's Custody Determination Is Sound and Mother Has Not Shown an Abuse of Discretion Occurred*

1.  Relevant law.

"In an initial custody determination, the trial court has 'the widest discretion to choose a parenting plan that is in the best interest of the child.'  [Citation.] It must look to *all the circumstances* bearing on the best interest of the minor child." (*Burgess, supra*, 13 Cal.4th at pp. 31-32, quoting earlier version of Family Code section 3040, subd. (d).)[2]  "[I]t is the public policy of this state to ensure that children have frequent and continuing contact with both parents after the parents have separated or

---

[2]  All further undesignated statutory references are to the Family Code.

dissolved their marriage, or ended their relationship, and to encourage parents to share the rights and responsibilities of child rearing in order to effect this policy, except when the contact would not be in the best interests of the child." (§ 3020, subd. (b).) Children's "'interest[s] in stable custodial and emotional ties'" with parents must be considered. (*In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, 1093 (*LaMusga*).)

For custody order requests based on a parent's relocation, "[a] parent entitled to the custody of a child has a right to change the residence of the child, subject to the power of the court to restrain a removal that would prejudice the rights or welfare of the child." (§ 7501, subd. (a).) "[C]onsiderations and interests" for both initial custody determinations and subsequent permanent custody order modifications "are closely interrelated." (*Burgess, supra*, 13 Cal.4th at p. 37, fn. 8.)

"[B]right line rules in this area are inappropriate: each case must be evaluated on its own unique facts. Although the interests of a minor child in the continuity and permanency of custodial placement with the primary caretaker will most often prevail, the trial court, in assessing 'prejudice' to the child's welfare as a result of relocating even a distance of 40 or 50 miles, may take into consideration the nature of the child's existing contact with both parents—including de facto as well as de jure custody arrangements—and the child's age, community ties, and health and educational needs. Where appropriate, it must also take into account the preferences of the child." (*Burgess, supra*, 13 Cal.4th at p. 39; see *LaMusga, supra*, 32 Cal.4th at p. 1101 [listing factors courts "ordinarily should consider when deciding whether to modify a custody order in light of the custodial parent's proposal to change the residence of [a] child"].) "Ultimately, '[t]he extent to which a proposed move will detrimentally impact a child varies greatly depending upon the circumstances.'" (*In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 960, quoting *LaMusga*, at p. 1097.)

2.  The record does not demonstrate any abuse of discretion.

Mother does not challenge the December 2020 judgment by claiming a lack of a necessary finding or evidentiary support.  Instead, she claims the judgment should be reversed because in November 2019, when the trial court denied Mother's child custody request and granted Father's request, the court made two oral comments:  (1) it was "not finding that there's such a significant change in circumstance to justify change in the custody in order to comport with the children's best interest"; and (2) it had "to look for the reason for [Mother's] move [San Luis Obispo] and [whether] it relate[d] to the children."  Mother contends the first comment shows the court "improperly added a factor" to its decision making process that "should not have been" legally required.[3]  She argues that the second comment shows the court misunderstood what law applied to its decision because "[t]he reason for the move is only relevant if it is considered as motivated by" Mother's desire to alienate Father from the children.

A trial court's oral comments are not properly a basis to reverse a judgment.  (See *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 268 (*Shaw*) [oral comments may not be used to impeach a judgment on appeal "because a trial court retains inherent authority to change its decision, its findings of fact, or its conclusions of law at any time before entry of judgment"]; see also Code of Civ. Proc., § 904.1, subd. (a)(14) ["a final order or judgment in a bifurcated proceeding regarding child custody or

---

[3]  Mother asserts the added factor was based on "[t]he changed circumstance rule [which] provides 'that once it has been established that a particular custodial arrangement is in the best interests of the child, the court need not reexamine that question.  Instead, it should preserve the established mode of custody unless some significant change in circumstances indicates that a different arrangement would be in the child's best interest.  The rule thus fosters the dual goals of judicial economy and protecting stable custody arrangements.'"  (*LaMusga, supra*, 32 Cal.4th at p. 1088.)

visitation rights" is directly appealable].)[4]  Nonetheless, review of the comments here does not support Mother's contentions that the court "ignored or misapplied" applicable law; neither comment demonstrates the trial court applied an invalid standard of law in exercising its discretion.  (See, e.g., *LaMusga, supra*, 32 Cal.4th at pp. 1094-1095 ["we are convinced, after examining the entire record, that the [trial] court's imperfect choice of words in this single regard does not indicate that the court misperceived the standard for determining the question before it"].)  At best, the comments amount to ambiguous statements by the court which Mother did not seek to clarify, despite her statutory right to a statement of decision.  (See *Shaw, supra*, 170 Cal.App.4th at p. 268 ["where the option of requesting a statement of decision under [Code of Civil Procedure] sections 632 and 634 is available, the trial court's less formal comments on the record or in the minutes are insufficient to form the basis of reversible error"].)

C. *Mother Has Failed to Show the Trial Court Erred in the Disposition of Community Property*

Next, Mother contends "the [trial] court [erroneously] made a determination that it could not credit anything to which [Mother] would testify to after hearing of her purported decision not to tell [Father] about the April 201[8] car accident." Mother concedes trial courts "are free to make credibility decisions," but asserts the court in this case "essentially marked [Mother] with a scarlet letter and deemed her permanently noncredible," constituting a "nonindividualized 'assessment' of [Mother]'s credibility" that amounted to an abuse of discretion.

"Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review."

---

[4]  Father relies on *Shaw* to contend Mother forfeited all of her appellate arguments by failing to request a statement of decision.  Mother agrees no statement was requested, but contends its absence "does not affect this appeal."  She is mistaken.  (*Fladeboe, supra*, 150 Cal.App.4th at p. 58 ["the appellant bears the burden of providing an adequate record affirmatively proving error"].)

(*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.)  Further, even where error is demonstrated, an appellant generally has a burden to also show the error resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13; *In re Marriage of Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196, 204-205.)

Mother fails to identify the specific legal authority she claims was violated by the trial court's purported bias.  She also fails to specifically cite what part of the reporter's transcript she is relying on to characterize the trial court's purported error.  She has therefore forfeited her contention.  (See *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979; see also *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)  In sum, Mother has not shown a ground of reversible error for the court's judgment.

## III

## DISPOSITION

The judgment is affirmed.  Father is entitled to recover his costs on appeal.


ZELON, J.*

WE CONCUR:


FYBEL, ACTING P. J.


GOETHALS, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9